[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16657
Non-Argument Calendar
_____

D. C. Docket No. 05-00054-CR-HLM-WEJ-3-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GOMEZ MADRIGAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 18, 2007)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Jose Gomez Madrigal appeals the 168-month sentence imposed on him

following his conviction for distribution of methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii). Madrigal was arrested along with codefendants Ruben Sosa and Manuel Perez-Flores immediately after completing a sale of methamphetamine to undercover police officers.

Madrigal argues that, because he had no role in the crime other than transportation of the methamphetamine, the district court clearly erred in denying him a mitigating role reduction. This is the type of issue that we review only for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

A defendant who is "plainly among the least culpable of those involved in the conduct of a group," and who has a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others" is entitled to a four-level reduction for his minimal role. U.S.S.G. § 3B1.2(a), comment. (n.4). A defendant "who is less culpable than most other participants, but whose role could not be described as minimal" is entitled to a two-level reduction for his minor role. U.S.S.G. § 3B1.2(b), comment. (n.5). The defendant bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. De Varon, 175 F.3d at 939.

The district court performs a two-prong test in making a mitigating role

2

determination. Id. at 940-45. In the first prong, the "the district court must measure the defendant's role against the relevant conduct for which [he] has been held accountable." Id. at 940. "Where the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. "When a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43.

In the second prong, the district court may compare the defendant's conduct to that of the other participants in the conduct for which the defendant was held accountable. Id. at 944. Even if a defendant shows that his role was less than that of other participants, this "may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id.

The district court did not clearly err in finding that Madrigal was not entitled to a mitigating role reduction. He was held accountable for only the quantity of methamphetamine that he personally distributed. While Madrigal asserts that his role was less than that of his codefendants, that fact would not stop the district court from finding that his role was not minor or minimal, see id.; even if

3

Madrigal's sole contribution to the offense was delivery of the drugs, that is enough to allow the court to conclude that he played an essential role in the offense. See id. at 941.

Madrigal also argues that his 168-month sentence is unreasonable in light of the 87-month sentence received by codefendant Perez-Flores. "After the district court has accurately calculated the Guideline range," we review the final sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005) (internal quotes omitted). The factors that act as a guide in determining whether a sentence was reasonable are found in 18 U.S.C. § 3553(a). Id. at 1246. "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." Id. Another factor is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

As the party challenging the sentence, Madrigal has the burden of establishing its unreasonableness. United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006). He has not carried that burden. Unlike Perez-Flores, Madrigal

did not cooperate with the government, and thus was not "similarly situated" with Perez-Flores for sentence comparison purposes.

**AFFIRMED.**